BROWN, Plaintiff-Appellee, v. TERNSTEDT DIVISION, GENERAL MOTORS CORPORATION, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 5037. Decided March 22, 1954.

Roscoe R. Walcutt and Alfred J. Henney, Columbus, for plaintiff-appellee.

Vorys, Sater, Seymour & Pease, James O. Seymour, of Counsel, Columbus, for defendant-appellant.

## OPINION

By WISEMAN, PJ.

This is an appeal on questions of law from the judgment of the Common Pleas Court of Franklin County. The plaintiff, Faye Brown, suffered an injury while working for the General Motors Corporation, Ternstedt Division, Columbus, Ohio, which was amenable to the Ohio Workmen's Compensation Act.

The Industrial Commission allowed the claim of the plaintiff to the extent of granting compensation for medical treatment for the injury, but

disallowed the claim for plaintiff's disability on the ground that the disability was not the result of the injury suffered on May 27, 1949. On application for rehearing evidence was taken before a referee. On the evidence and the record the Industrial Commission, after rehearing, entered the following order:

"It is ordered that the claim be disallowed on rehearing as to claimant's psychoneurosis for the reason that such condition is neither due to nor the result of the injury in this claim sustained May 27, 1949."

On appeal to the Common Pleas Court the jury returned a verdict for the plaintiff and judgment was entered on the verdict.

The record shows that three medical experts were called on behalf of the plaintiff and testified that the plaintiff's disability was caused by the injury suffered on May 27, 1949, but used different medical terms in describing her disability. One medical expert testified that plaintiff was suffering from "cerebral traumatic condition", or "post-traumatic cerebral syndrome". He defined "syndrome" as simply a group of symptoms. Another testified that plaintiff suffered from "some form of neuralgia", with "cerebral psychosis or cerebral injury to the nerves". Another testified that plaintiff was suffering from psychoneurosis. He testified that psychoneurosis is "a functional nervous disturbance in which there is no actual psychological disturbance to account for the signs and symptoms for which they complain". He also testified that such condition results in a disability, and that at the time he examined the plaintiff she was disabled.

Two medical experts were called on behalf of the defendant, both of whom testified that there was no causal connection between the plaintiff's disability and the injury sustained on May 27, 1949. One medical expert testified that the plaintiff suffered from "psychoneurosis, hysterical type". The other testified that plaintiff suffered from "a psychiatric condition, which existed in the form of a psychoneurosis of the mixed variety, mixed type."

The jury had the right to believe any part or all of the testimony of the several witnesses. There is substantial evidence in the record supporting the verdict. From the evidence presented the jury could have concluded that plaintiff was suffering from some form of nervous disorder which resulted from the injury sustained on May 27, 1949, or from a form of psychoneurosis which resulted from the injury. There is ample evidence in the record from which the jury could conclude that there was a causal connection between the injury and plaintiff's disability.

The assignments of error relate to the admissibility of evidence, the refusal of the trial court to give three special charges submitted by the defendant-appellant, and the general charge. All the assignments of error involve the basic question presented on this appeal, which is:

When a claim for compensation as a result of an injury is described by the claimant as: roaring noise in ear, hearing impaired, headaches, dizziness, loss of memory, may the Commission limit the nature of the disability to "psychoneurosis" in disallowing the claim on the ground that the disability was not the result of the injury?

Defendant contends that the trial court proceeded on the theory that the question to be determined was whether plaintiff's present disability was

the result of the injury and refused to limit the question as to wether the psychoneurosis was the result of the injury. Accordingly, the court admitted evidence to the effect that plaintiff was suffering from a disability which was not described as "psychneurosis". The court refused to give three special charges submitted by the defendant limiting the issue to the question as to whether the plaintiff was suffering from psychoneurosis and the causal connection of the psychoneurosis to the injury. In the general charge the court instructed the jury that the question for determination was: "Did said injury directly and proximately cause the disability of which the injured employee complains?" The court also charged as follows:

"The only issue for this jury to decide is whether or not the disability of which the plaintiff, Mrs. Faye Brown, complains, and for which the compensation is sought, is the direct and proximate result of the injury * * *."

"In other words, is there a causal connection between the injury of May 27, 1949, and the disability of which she now complains?"
At the end of the charge the court instructed the jury as follows:

"There has been a great deal said about psychoneurosis. The court tells you that the issue as submitted to you is not limited to psychoneurosis. The finding of the Industrial Commission under the circumstances must be, in order to have an appeal to this jury, that the claimant's disability is not the result of the injury, whatever that disability may be."

From the record it does not appear that the claimant made claim for compensation on the ground that she suffered from psychoneurosis. The term, "psychoneurosis", was injected into this case at the time of the rejection of the claim by the Industrial Commission. The claimant, in her application, in describing the nature of the injury, stated: "Claimant was struck on left ear with steel plate; cut ear". In describing her disability the claimant stated:

"Claimant has a roaring noise in left ear, hearing impaired; headaches, dizziness, loss of memory."

On the state of the record the point is made by the defendant that the Commission has retained the exclusive right to determine the extent of all disabilities claimed by plaintiff with the sole exception of psychoneurosis; that the Commission in this case has a continuing jurisdiction with respect to disabilities other than psychoneurosis. Counsel for defendant cites §1465-86 GC (Sec. 4123.52 R. C.), which in part provides:

"The powers and jurisdiction of the Board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified."

Also in §1465-90 GC (§4123.51 R. C.), which in part provides:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon shall be final, except as provided in this section. The commission shall definitely and specifically pass upon each and every issue raised in the claim, necessary for a proper and complete decision thereon. In all claims for compensation on account of injury, * * *, if the commission denies the right of the claimant to receive compensation or to continue to receive compensation the order of the commission shall state the ground or grounds on which

the claim was denied; and if the claim was denied on any of the following grounds: * * * that the claimant's disability is not the result of the injury; * * * then the claimant may within thirty days after the receipt of notice of such finding of the commission file an application with the commission for a rehearing of his claim, whereupon notice shall be given to the employer and whereupon the former action of the commission thereon shall be vacated. If the order of the commission does not state the ground or grounds on which the claim was denied, or if the order of the industrial commission is not definite in such regards, and if the commission shall refuse to correct such order after the claimant shall have filed with the commission his application for such correction and shall have therein suggested the particulars in which such order should be corrected, the claimant may maintain an action in mandamus against the commission in the supreme court of Ohio, * * *."

Counsel for defendant, in support of his position, cites State, ex rel. Depalo, v. Industrial Commission, 128 Oh St 410, and State, ex rel. Rankin, v. Industrial Commission, 67 Oh Ap 229, in support of the proposition urged. In our judgment these cases are not controlling in the instant case where the factual situation and the question presented are dissimilar. These cases are authority for the proposition that the order made by the Commission wherein the claim was denied on jurisdictional grounds was an appealable order. Neither do we find State, ex rel. Cline, v. Industrial Commission, 136 Oh St 33, or State, ex rel. Lubens, v. Industrial Commission 143 Oh St 609, applicable.

The question here is whether the court erred in extending the scope for the introduction of evidence and in instructing the jury that they were not limited to the issue of psychoneurosis but may consider whether the disability of which plaintiff complains was caused by the injury.

There is nothing in the record from which to conclude that plaintiff did not suffer from a disability of which she complains in her action. On the other hand, there is ample and substantial evidence to support the contention that she suffers from the disability of which she complained at the time of the filing of the application and at the time of the rehearing. There is only one disability involved for which plaintiff seeks compensation. It may be described as a nervous disorder. The plaintiff never sought compensation on the ground that she was suffering from psychoneurosis. Two medical experts pinned that label on her disability; other medical experts described her disability in other terms.

It will be observed that the order of the Commission did not find that plaintiff was suffering from psychoneurosis. It simply states that the "claim of psychoneurosis" is disallowed on the ground that the claimant's disability was not the result of the injury. The essence of the order was the absence of causal connection. The ground for the disallowance was not "psyconeurosis", but was the failure to show causal connection; the ground for disallowance is sufficiently stated and meets the statutory requirement. Sec. 1465-90 GC (§4123.51, R. C.). It was the disability, and not the name of the disability given by the Commission, which was to be considered by the trial court. The medical terminology, under the facts here, was immaterial. We cannot conclude that the Commission intended to or had the authority to split the plaintiff's claim.

Does the Commission have the authority to limit the order to psychoneurosis, and, if so, is the plaintiff bound by it? We must look to the statute for the answer. Sec. 1465-90 GC (§4123.51, R. C.) sets forth in detail the jurisdiction of the Commission and its authority and duties with respect to such orders. The statute mentions "claim" or "disability" After a close examination of all of the provisions of this section we find no authority conferred on the Commission to limit the order to psychoneurosis where the claimant contends that she is suffering from only one disability and where the evidence adduced shows that she is suffering from only one disability, which she did not describe as psychoneurosis. It will be presumed that the Commission intended to dispose of all issues raised as required by §1465-90 GC (§4123.51 R. C.). On appeal the trial court was not limited to the issue of psychoneurosis but could take evidence on the nature of her disability and determine under all of the evidence whether the disability from which she was suffering was the result of the injury. This ruling is supported by Baugh v. Industrial Commission, 63 Oh Ap 142, and State, ex rel. Miner, v. Industrial Commission, 84 Oh Ap 250.

We find no assignment of error well made. Judgment affirmed.

MILLER and HORNBECK, JJ, concur.